**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No.

DONNA GOLDSTEIN,

    Plaintiff,

v.

AKAM ON-SITE, INC.,
a Florida Profit Corporation

    Defendant.
_____/

**COMPLAINT**

    Plaintiff, DONNA GOLDSTEIN, (hereinafter "Plaintiff" and/or "GOLDSTEIN"), by and through her undersigned attorney, hereby files her Complaint against Defendant, AKAM ON-SITE, INC. (hereinafter "Defendant" and/or "AKAM"), and says:

**JURISDICTION AND VENUE**

    1.    This action is brought against Defendant pursuant to Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, *et. seq.*, Florida Unpaid Wages, Florida's Minimum Wage Act ("FMWA"), Florida Statutes §448.110, and Florida Workers' Compensation Law pursuant to Florida Statutes § 440.205.

    2.    Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331, 1343, 1367.

    3.    Venue is proper in the Southern District of Florida, pursuant to 28 U.S.C. §§ 1391(b) and (c), because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continue to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's claims happened within the Southern District of Florida; and because Defendant is subject to personal jurisdiction herein.

4. All conditions precedent to this action have been performed or waived.

5. Plaintiff hereby attaches a copy of the Demand Letter to Defendant for her unpaid wages, to be sent simultaneously as this Complaint is filed, pursuant to Fla. Stat. §448.08(6)(a). The Demand Letter is attached hereto as Exhibit A.

## PARTIES

6. Plaintiff is a resident of Broward County, Florida, over the age of 18 years and otherwise *suis juris*. During all times relevant to this Complaint, Plaintiff was employed by Defendant as a Property Manager. Plaintiff was therefore an "employee" as defined by Florida Statutes §448.07(1)(a) and Florida Statutes § 440.02(15)(a).

7. Defendant is a Florida Profit Corporation organized and existing under and by virtue of the laws of Florida and registered to do business within Florida, with its principal place of business in Dania Beach, Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

8. Defendant is a residential management company. Plaintiff was employed initially as the Property Manager of Duo Condominiums ("Duo") in Hallandale Beach, Florida, and later transferred to manage Sea Air Towers ("Sea Air") in Hollywood, Florida.

9. Defendant, upon knowledge and belief, employed 50 or more employees for each working day during each of 20 or more calendar workweeks in 2019 or 2018, and therefore was a covered employer under the FMLA, 29 U.S.C. § 2611(4)(A)(i). Defendant's Human Resources Handbook also includes a Family Medical Leave Act provision, which is attached hereto as Exhibit B.

10. Defendant was, at all times relevant, an employer as that term is defined in Fla. Stat. § 440.02(16)(a).

11. At all times relevant, Defendant employed two or more employees, and therefore an employer as that term is defined in Fla. Stat. § 448.07(1)(b).

## GENERAL ALLEGATIONS

12. Plaintiff started to work for Defendant on May 4, 2018, as the property manager of Duo, and was compensated at an annual salary of $100,000.00.

13. Defendant offers its employees leave benefits including sick leave, paid time off and personal time off.

14. Plaintiff's husband has being suffering from serious health conditions since June 2018, and Plaintiff utilized the leave benefits Defendant provided to care for her husband, including but not limited to, when Plaintiff's husband went to see his cardiologist, had an MRI, had surgeries, and other medical procedures.

15. On December 5, 2018, Plaintiff broke her hip at work when she tripped and fell on a carpet edge where the flooring transitions from tile to carpet.

16. Plaintiff timely informed Defendant of her injury and started treatments through workers' compensation benefits.

17. Plaintiff was out of work for four weeks due to the on the job injury, then she went back to work part time for two weeks, and went back to work full time afterwards.

18. Plaintiff continued to request and take time off for her own recovery and her husband's cardiac problems.

19. Despite Plaintiff's occasional physical absence from Duo's property, Plaintiff was always in touch by phone and email, and her job performance was satisfactory.

20. All the time Plaintiff took off complied with Defendant's leave policy, was approved by Defendant and never affected Plaintiff's productivity.

21. On or about March 4, 2019, Plaintiff was transferred to manage Sea Air, when her annual salary was reduced to $80,000.00.

22. On or about May 1, 2019, three days before Plaintiff's first year anniversary for her employment with Defendant, Plaintiff was terminated.

23. During the meeting when Plaintiff was terminated, Defendant's President, Susan Fitch, and its Director of Human Resources, Amy Thomas, agreed to compensate Plaintiff for her remaining accrued leave at her rate of pay at Duo.

24. During the termination meeting, Plaintiff was advised that she was terminated because the person in charge of Sea Air wanted to terminate Plaintiff due to her occasional physical absence, and no position at Defendant's other properties was available for Plaintiff at that time.

25. Plaintiff did not receive compensation for her remaining accrued leave and the last two days of her employment with Defendant.

26. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

27. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this Action.

## COUNT I – VIOLATION OF FMLA
## (INTERFERENCE)

28. Plaintiff re-alleges and re-avers paragraphs 1 – 27 as fully set forth herein.

29. Defendant is a covered employer as defined by 29 U.S.C. § 2611(4)(A)(i) in that, upon knowledge and belief, Defendant employed 50 or more employees for each working day during each of 20 or more calendar workweeks in 2019 or 2018.

30. Plaintiff started to work for Defendant on May 4, 2018, and by May 4, 2019, Plaintiff would have been employed by Defendant for over 12 months, and would have performed at least 1,250 hours of service for Defendant during the previous 12-month period.

31. Plaintiff therefore would have been an eligible employee under the FMLA, 29 U.S.C. § 2611(2) if Plaintiff remained to be employed through May 4, 2019.

32. Under the FMLA 29 USC § 2614(a), Plaintiff would have the right to take leave, and be restored to her position.

33. Plaintiff's supervisor, Marcy Kravit, as well as Ms. Fitch and Ms. Thomas, were well aware of Plaintiff's request for leave for her serious health conditions and to care for her husband's serious health conditions, but Defendant never provided with Plaintiff with any notice about her future FMLA entitlement, but instead decided to terminate her three days before she became eligible for leave pursuant to FMLA.

34. As a direct result of her termination, Plaintiff has suffered lost wages.

35. Defendant's conduct was not done in good faith and Plaintiff is therefore entitled to liquidated damages in an amount equal to her loss of wages/benefits pursuant to the FMLA, 29 U.S.C. § 2617(a).

36. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees.

37. Plaintiff has retained the services of the undersigned counsel and is obligated to pay attorney's fees should she recover damages from the Defendant.

38. Should Plaintiff prevail, Plaintiff is entitled to be awarded reasonable attorney's fees and the costs of this action pursuant to 29 U.S.C. § 2617(a)(3).

**WHEREFORE**, Plaintiff DONNA GOLDSTEIN requests judgment for:

    a)     Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FMLA, all as provided in 29 U.S.C. § 2617;

    b)     Interest on the amount found due;

    c)     Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

    d)     Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and

    e)     Such other relief as the Court deems just and proper.

## COUNT II – VIOLATION OF WORKERS' COMPENSATION LAWS

39. Plaintiff re-alleges and re-avers paragraphs 1 – 27 as fully set forth herein.

40. Plaintiff was injured on the job on or about December 5, 2018, she timely notified Defendant of her injury and started treatment through workers' compensation benefits.

41. After the injury, Plaintiff needed to take some time off for workers' compensation related treatment and rehabilitation.

42. All the time Plaintiff took off complied with Defendant's leave policy, was approved by Defendant and never affected Plaintiff's productivity.

43. Defendant removed Plaintiff from Duo, transferred her to Sea Air and reduced her annual salary by $20,000.00.

44. Not long after Plaintiff was transferred to Sea Air, Defendant decided to terminate Plaintiff because of her occasional physical absence for workers' compensation related treatment and rehabilitation.

45. The purported reason for Plaintiff's discharge given by Defendant is pretextual.

46. Defendant demoted and discharged Plaintiff for her valid claim for compensation under the Workers' Compensation Law, and that Plaintiff's valid claim for compensation, at minimum, was a motivating factor in Defendant's decision to demote and discharge Plaintiff, in violation of Florida Statutes § 440.205.

47. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her rights under Florida Statutes § 440.205. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff DONNA GOLDSTEIN requests judgment for:

  a. Lost wages and/or benefits as a result of her termination;
  b. Compensatory, liquidated, and punitive damages as allowed by law and upon a record showing proof thereof;
  c. Interest on all monies owed;
  d. Assessment against Defendant for those reasonable attorney's fees and costs incurred as a result of bringing this action as permitted by Florida statutes; and
  e. Any other relief this Court deems just and proper.

## COUNT III – FLORIDA UNPAID WAGES

48. Plaintiff re-alleges and re-avers paragraphs 1 – 27 as fully set forth herein.

49. Plaintiff started to work for Defendant as a property manager for Duo on May 4, 2018, and she was compensated at an annual salary of $100,000.00 ($48.08 per hour).

50. On March 4, 2019, Plaintiff was transferred to manage Sea Air, and her annual salary was reduced to $80,000.00 ($38.46 per hour).

51. On May 1, 2019, Plaintiff was terminated and Defendant agreed to compensate Plaintiff for the leave she has accrued.

52. Plaintiff was not compensated at all for her employment on April 29, 2019 and April 30, 2019, for a total amount of $615.36.

53. At the time of the Plaintiff's termination, she has accrued 57.3 hours of leave, at an hourly rate of $48.08, for a total amount of $2,754.98.

54. To date, Defendant has refused to pay Plaintiff any of the accrued leave due.

55. As a result of Defendant's failure to pay, Plaintiff has suffered lost wages and damages, including but not limited to the need to hire undersigned counsel to bring this action.

WHEREFORE, Plaintiff requests judgment for:

    a. Unpaid wages in the amount of $3,370.34;

    b. Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and

    c. Such other relief as the Court deems just and proper.

## COUNT IV – VIOLATION OF FMWA

56. Plaintiff re-alleges and re-avers paragraphs 1 – 27 as fully set forth herein.

57. Plaintiff hereby attaches a copy of the Demand Letter to Defendant for her unpaid wages, to be sent simultaneously as this Complaint is filed, pursuant to Fla. Stat. §448.08(6)(a).

58. Plaintiff performed services for Defendant's benefits on April 29, 2019 and April 30, 2019, but was not compensated at all.

59. Plaintiff had accrued 57.3 hours of leave by the time of her termination, but never received the payment as agreed upon.

60. Defendant knew that Plaintiff performed services for its benefits for the last two days of her employment with Defendant, and that she has accrued leave, but refused to compensate Plaintiff properly.

61. Plaintiff reasonably estimates that she is owed $3,370.34 as a base amount.

62. Further, Plaintiff is entitled to liquidated damages pursuant to Fla. Stat. § 448.110(6)(c)(1).

**WHEREFORE**, Plaintiff DONNA GOLDSTEIN requests judgment as follows:

a) Unpaid minimum wages to be determined by the Court;

b) Liquidated damages pursuant to Fla. Stat. § 448.110(6)(c)(1);

c) Plaintiff DIDOVIC's cost of suit, together with reasonable attorney's fees incurred in this action; and

d) Such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff DONNA GOLDSTEIN hereby demands a trial by jury on all issues contained herein so triable as a matter of right.

Dated: October 17, 2019.

> LAW OFFICES OF CHARLES EISS, P.L.
> Attorneys for Plaintiff
> 7951 SW 6th Street, Suite 308
> Plantation, Florida 33324
> (954) 914-7890 (Office)
> (855) 423-5298 (Facsimile)
>
> By:   /s/ Charles M. Eiss
> CHARLES M. EISS, Esq.
> Fla. Bar #612073
> chuck@icelawfirm.com
> TIEXIN YANG, Esq.
> Fla. Bar #1010651
> tiexin@icelawfirm.com